# Order

**Michigan Supreme Court**
**Lansing, Michigan**

June 3, 2010

140328 & (138)

Michael F. Cavanagh
Elizabeth A. Weaver
Maura D. Corrigan
Robert P. Young, Jr.
Stephen J. Markman
Diane M. Hathaway,
Justices

PATRICK McCARTHY,
   Plaintiff-Appellant,

v

             SC: 140328
             COA: 284129
             Oakland CC: 2006-079432-NO

ALISON SCOFIELD, DEPARTMENT OF
HUMAN SERVICES, ANDREA DEAN,
OAKLAND COUNTY PROSECUTOR, CAROLE
BOYD, OAKLAND COUNTY FRIEND OF THE
COURT, THOMAS CALLAHAN, and MILFORD
POLICE DEPARTMENT,
     Defendants-Appellees,

and

AMY ALLEN and CHILD ABUSE & NEGLECT
HOUSE/OAKLAND COUNTY CARE HOUSE,
     Defendants.

_____/

   On order of the Court, the application for leave to appeal the October 8, 2009 judgment of the Court of Appeals is considered, and it is DENIED, because we are not persuaded that the questions presented should be reviewed by this Court. The motion for miscellaneous relief is DENIED. The defendants' request for attorney fees and costs is also DENIED.

   MARKMAN, J. (*concurring*).

   I would urge the Legislature to review MCL 28.243. Although I agree with the legal analyses of the trial court and the Court of Appeals, I can understand plaintiff's frustration with the manner in which the law has operated in his case. Plaintiff was wrongly charged with a sexual assault — complainants recanted before trial, they admitted that their accusations against defendant had been fabricated, and charges against plaintiff were dismissed. Yet pursuant to MCL 28.243 the record of plaintiff's arrest and

the criminal charges brought against him must be maintained in perpetuity as a matter of public record. Thus, he will forever carry the stigma and taint of having been arrested and charged with a sexual offense and suffer the attendant consequences. This seems to me unjust. The prosecutor has determined that she cannot prove plaintiff's guilt, and this is a result of the fact that criminal charges were predicated entirely upon what proved to be false allegations. Although it may be that the Legislature possesses the constitutional authority to require the retention of such records, I would nonetheless urge it to review cases such as this one — cases in which the complainant has admitted fabricating the charge — and assess whether the present result is truly within its contemplation.

KELLY, C.J., and CAVANAGH and HATHAWAY, JJ., would grant leave to appeal.



I, Corbin R. Davis, Clerk of the Michigan Supreme Court, certify that the foregoing is a true and complete copy of the order entered at the direction of the Court.

June 3, 2010

Corbin R. Davis

Clerk

s0526